BRIAN K. DENNIS, ESQ.  (SBN: _____ )
briandennis@sbcglobal.net
433 N. Camden Drive, Suite 600
Beverly Hills, CA 90210-4416
(310) 617-8024 Telephone
(310) 300-0266 Facsimile

Attorney for PLAINTIFF
BRIAN K. DENNIS, In Pro Per

FILED

2012 SEP 12  AM 11: 58

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Fee Paid

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BRIAN K. DENNIS,

    Plaintiff,

    v.

DAVE JONES, in his capacity as Insurance
Commissioner of the State of California,
and Does 1 through 20, inclusive,

    Defendants.

CASE NO. CV12-07823 -DMG (PJWx)

**COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF**

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

PAID

SEP 1 2 2012

Clerk, US District Court
COURT 4612

Plaintiff, Brian Dennis ("Plaintiff"), an individual, complains of Defendant Dave Jones, the Insurance Commissioner of the State of California ("Defendant" or "Insurance Commissioner"), and seeks a preliminary injunction, a permanent injunction and declaratory relief from the unconstitutional provision of Section 1724 of the California Insurance Code ("Section 1724").

## NATURE OF THE ACTION

1.     Plaintiff files this Complaint to challenge the constitutionality of a California state statute, Section §1724, on the grounds that it is overbroad, impermissibly vague and incapable of being logically interpreted and followed. Section 1724 violates Plaintiff's rights of due process and equal protection under the Fourteenth Amendment to the United States Constitution.  Section 1724 also violates 42 U.S.C. §1983 in that it deprives Plaintiff of rights, privileges and immunities under the United States Constitution.  Section 1724 violates the separation of powers doctrine and is, therefore, null and void under Article III, § 3 of the California Constitution.

2.     This Complaint also seeks a declaration that Plaintiff cannot be prosecuted under Section 1724 of the California Insurance Code.

## JURISDICTION AND VENUE

3.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 42 U.S.C. §1983.

4.     There is an actual case or controversy between Plaintiff and Defendant by virtue of the threatened enforcement of an unconstitutional state law in this judicial district.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

5.      Because this Court has jurisdiction to address the controversy before it, 28 U.S.C. §2201 grants the Court authority to declare the rights of the parties before it, and 28 U.S.C. §2202 authorizes the Court to grant such further relief, including injunctive relief, as the Court may deem necessary and proper.

6.      Defendant Dave Jones, who is sued in his official capacity as the Commissioner of Insurance of the State of California, maintains his principal office in Sacramento, California. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## PARTIES

7.      Plaintiff is an individual residing in the County of Los Angeles. Plaintiff is an active member of the State Bar of California and is a licensed California insurance agent.

8.      Plaintiff has a beneficial interest in the subject of this suit as he is subject to the legal and constitutional infirmities of Section 1724.

9.      Defendant Dave Jones, sued in his official capacity is now, and was at all relevant times hereto, the Insurance Commissioner of the State of California, with responsibility for administering the California Insurance Code, including Section 1724 of the California Insurance Code.

10.      Plaintiff does not know the true names and capacities of defendants Does 1 through 20, inclusive, and sues these defendants by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible for and caused the damages herein alleged. Plaintiff will amend this Complaint when the true names and capacities of Does 1 through 20, are ascertained.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

11.     Plaintiff is further informed and believes, and on that basis alleges, that at all times mentioned herein, each of the defendants and Does 1 through 20, inclusive, was the agent, servant, representative, employee, co-conspirator and/or partner of each of the remaining defendants, and in doing the things described herein was acting within the scope of his, her or its authority as such agent, servant, representative, employee and/or in furtherance of their conspiracy and with the permission and consent of the remaining defendants.

## FACTUAL ALLEGATIONS

12.     In 2004, the California legislature enacted Section 1724 of the California Insurance Code. Section 1724 provides:

> [a]n agent, broker, or solicitor who is not an active member of the State Bar of California may not share a commission or other compensation with an active member of the State Bar of California. For purposes of this section, "commission or other compensation" means pecuniary or nonpecuniary compensation of any kind relating to the sale or renewal of an insurance policy or certificate or an annuity, including, but not limited to, a bonus, gift, prize, award, or finder's fee.

Cal. Ins. Code §1724.

13.     The legislative history of Section 1724 reflects, and upon information and belief, Plaintiff believes that §1724, was enacted as part of a series of laws that address insurance disclosures to seniors whose underlying purpose is senior protection.

14.     The legislative history of Section 1724 further reflects that the legislature considered inclusion of the following language as part of the statute: "would prohibit insurance agents, brokers and solicitors who are not attorneys

from sharing commissions or other compensation with attorneys who are not insurance agents." Senate Committee Analysis dated May 7, 2003, Item 9. However, the above language was deleted prior to enactment of Section 1724.

15.    In deciding to omit the above-quoted language from Section 1724 the legislature unconstitutionally opted for a blanket and overbroad inclusion of active members of the State Bar of California who possess dual licensure as insurance agents, in lieu of, for example, requiring active members of the State Bar of California to comply with the California Rules of Professional Conduct by making adequate disclosures and obtaining waivers of conflicts of interest.

16.    Any action taken against Plaintiff pursuant to Section 1724 would be unconstitutional because the language is overly broad in that it includes within its prohibition individuals who possess dual licensure as active members of the State Bar of California and insurance agents.

17.    Plaintiff seeks to engage in two separate businesses: (i) an insurance business and (2) a law practice. For example, Plaintiff desires to work as an insurance agent part of the week and to engage in the separate practice of law the other part of the week.

18.    Commission sharing is a highly common practice in the insurance industry. Section 1724 denies Plaintiff the right to share commissions with an insurance agent who is not an active member of the State Bar of California while simultaneously maintaining active status as a member of the State Bar of California.

19.    Plaintiff is not able to determine what would constitute a violation of Section 1724 and is therefore subject to the arbitrary whim of enforcement by the California Department of Insurance. Section 1724 is both vague and overbroad

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

since it is unclear exactly what would constitute a violation thereof. For example, Plaintiff was first apprised of Section 1724 when he sought to purchase an errors and omissions policy from a wholesaler for himself concerning his practice of law. Since Plaintiff is a licensed insurance agent he would typically be able to receive a commission on the sale of the policy. However, the wholesaler refused to remit to him a commission citing to Section 1724. Based on the current language of the Section 1724, every active member of the State Bar of California who simultaneously possesses dual licensure as an insurance agent is effectively barred from engaging in the insurance business since commission sharing with wholesalers would inevitably result.

20.     Due to the sparse legislative history concerning Section 1724, there exists an absence of guidance for Plaintiff and for others attempting to interpret, understand and comply with the statute. It is unclear from the wording of Section 1724 whether it applies in the above-described wholesale context or whether the statutory prohibition was intended by the legislature to apply to two insurance retailers who are sharing the retailer's portion of the commission.

21.     Section 1724 presents another example of ambiguity in that it is unclear if the statute precludes an active member of the State Bar of California from sharing commissions on certain dates while on inactive status, only to return thereafter to active status with the State Bar of California.

22.     Section 1724 violates the Fourteenth Amendment's proscription against vagueness because it does not clearly define its prohibitions and it does not afford a person of ordinary intelligence a reasonable opportunity to know what is prohibited. Placing individuals in the position of having to guess whether or not their actions violate the statute, with no reasonable way to know for sure, is an

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

unconstitutional violation of due process protections.  Thus, Section 1724 allows for and encourages unfettered, arbitrary and discriminatory enforcement.

23.     Enforcement or threat of enforcement of Section 1724 invariably results in an arbitrary class comprised of individuals who hold dual licensure as insurance agents and active members of the State Bar of California.

24.     Section 1724 is a violation of Section 1 of the Fourteenth Amendment (the "Equal Protection Clause") because it discriminates against people who possess dual licensure as insurance agents and active members of the State Bar of California.

25.     Section 1724's overbroad inclusion of people who possess dual licensure as insurance agents and active members of the State Bar of California, denies them equal protection of the laws.

26.     Enforcement or threat of enforcement of Section 1724 by Defendant acting under the color of California state law violates 42 U.S.C. §1983 because it deprives Plaintiff of his rights, privileges and immunities secured by the United States Constitution.

27.     Plaintiff seeks a declaration from the Court that Section 1724 violates the United States Constitution and 42 U.S.C. §1983 and is therefore unenforceable and void.

28.     Enforcement of Section 1724 irreparably harms Plaintiff in that its broad and vague language inhibits Plaintiff's right to earn a livelihood, in violation of Plaintiff's due process rights.

29.     Unless the Insurance Commissioner is enjoined from enforcing Section 1724, Plaintiff will suffer irreparable injury for which he has no adequate remedy at law.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

## FIRST CAUSE OF ACTION

(For Declaratory Relief –Violation of Due Process Due to Vagueness)

30.    Plaintiff incorporates by this reference the allegations set forth in paragraphs 1 through 29 as though specifically set forth herein.

31.    Plaintiff seeks the protection of the Federal Declaratory Judgment Act, 28 U.S.C. 2201, *et seq.*, to declare Section 1724 unconstitutional because it violates the Fourteenth Amendment of the United States Constitution.

32.    The purpose of seeking the protection of the Federal Declaratory Judgment Act is to settle this actual controversy over the constitutionality of Section 1724 before the threatened prosecution of Plaintiff for alleged violation of the statute.

33.    Plaintiff seeks the protection of the Federal Declaratory Judgment Act as an alternative to its request for injunctive relief.

34.    Section 1724 violates the Fourteenth Amendment's proscription against vagueness because it does not give a person of ordinary intelligence a reasonable opportunity to know what is prohibited.

35.    The legislative history of Section 1724 is similarly vague and does not provide guidance for Plaintiff and others attempting to interpret, understand, and comply with the statute.

36.    Plaintiff is informed and believes and thereon alleges that there is a dispute between Plaintiff on the one hand, and the Insurance Commissioner on the other hand, as to whether Section 1724 violates Plaintiff's and the public's due process rights under the United States Constitution.

37.    Plaintiff is informed and believes and thereon alleges that Defendant believes that Section 1724 is not overbroad and vague and that it is therefore valid.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

38.    A judicial determination of the respective rights hereto under 28 U.S.C. §2201 is necessary and appropriate such that Plaintiff requests this Court issue a declaration determining that Section 1724 violates Plaintiff's and the public's due process rights under the Fourteenth Amendment of the United States Constitution.

## SECOND CAUSE OF ACTION

(Declaratory Relief –Violation of Equal Protection Clause)

39.    Plaintiff incorporates by this reference the allegations set forth in paragraphs 1 through 38 as though specifically set forth herein.

40.    An actual controversy has arisen and now exists because Plaintiff has been deprived of his Constitutional rights by enactment of Section 1724, and Plaintiff faces prosecution if he does not comply therewith.

41.    Section 1724 is unconstitutional under the United States Constitution. It is a violation of the Equal Protection Clause because it discriminates against individuals who possess dual licensure as licensed insurance agents and active members of State Bar of California by unreasonably restricting their ability to simultaneously engage in the practice of law and insurance business, which is entirely commission based.

42.    The United States Constitution forbids any effort to discriminate against a discrete group. While all citizens are entitled to equal protection, the standard of review to be employed in analyzing legislation, which singles out a particular group, does depend on whether the group is classified as "suspect," as well as whether the legislation impinges upon a fundamental right. Plaintiff alleges, based on facts as alleged above, Plaintiff and other members of the public similarly situated, are a suspect class.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

43.     The intent to discriminate against individuals possessing dual licensure is evident from the legislative history which reflects that an exception for such individuals was considered, but improperly rejected.  The enactment of Section 1724 resulted in an arbitrary class; licensed insurance agents who are also active members of the State Bar of California.

44.     Plaintiff requests a declaration from this Court stating that Section 1724 is unconstitutional in that violates the Fourteenth Amendment to the United States Constitution by denying individuals who hold dual licensure as insurance agents and active members of the State Bar of California equal protection of the laws.

### THIRD CAUSE OF ACTION

(Declaratory Relief –Violation of 42 U.S.C. §1983)

45.     Plaintiff incorporates by this reference the allegations set forth in paragraphs 1 through 44 as though specifically set forth herein.

46.     An actual controversy has arisen and now exists because Plaintiff has been deprived of his Constitutional rights by enactment of Section 1724, and Plaintiff faces prosecution if he does not comply therewith.

47.     In enforcing or threatening to enforce Section 1724, Defendant is acting under the color of California state law.

48.     Threatened enforcement of Section 1724 violates 42 U.S.C. §1983 because it deprives Plaintiff and members of the public of their rights, privileges and immunities secured by the United States Constitution under the Due Process Clause and Equal Protection Clause.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

49.     Plaintiff requests a declaration from this Court that Section 1724 violates 42 U.S.C. §1983 because it deprives Plaintiff and members of the public of their rights, privileges and immunities secured by the United States Constitution.

50.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

## FOURTH CAUSE OF ACTION

(Violation of Separation of Powers Doctrine-Improper Exercise of Legislative Power, Article III, § 3 of the California Constitution)

51.     Plaintiff incorporates by this reference the allegations set forth in paragraphs 1 through 50 as though specifically set forth herein.

52.     The California Constitution expressly provides for a separation of powers in the California state government and provides, at Article III, § 3, that the powers of the state government are legislative, executive and judicial. Article III, §3 also provides that persons charged with the exercise of one power may not exercise either of the others except as permitted by the California Constitution. This structure is necessary for the preservation of liberty itself, and it is a fundamental principle of law that each department should be free from interference, in the discharge of its peculiar duties, by either of the others.

53.     By enacting Section 1724, Defendant improperly and in excess of his authority, exercised legislative power in violation of the separation of powers doctrine that underlies the tripartite system of government. In so doing, Defendant violated the California Constitution Article III, § 3 and Section 1724 is, therefore, unconstitutional.

54.     The power to regulate the practice of law is an inherent power of the judiciary. By enacting Section 1724, Defendant materially impaired the

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

constitutional functions of the courts in violation of the California Constitution Article III, § 3.

55.   Section 1724 violates the doctrine of separation of powers under the California Constitution by seeking to unilaterally exclude the judicial branch from performing their constitutional duties in regulating the practice of law and by threatening legislative action that usurps functions that are committed to the judicial branch.

56.   As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff is entitled to a declaratory judgment that Section 1724 is null and void as a violation of the separation of powers doctrine under Article III, § 3 of the California Constitution.

57.   Such a declaration of rights is necessary and appropriate at this time under the circumstances in order to avoid further acts by Defendant in excess of his jurisdiction and in violation of law.

58.   Monetary damages will not make Plaintiff whole and Plaintiff requests a permanent injunction that enjoins Defendant from enforcing Section 1724 in perpetuity.

## FIFTH CAUSE OF ACTION

### (Injunctive Relief)

59.   Plaintiff incorporates by this reference the allegations set forth in paragraphs 1 through 58 as though specifically set forth herein.

60.   The enforcement or threat of enforcement of Section 1724, unless and until restrained by order of this Court, will cause immediate, great and irreparable injury to Plaintiff.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

61.   Because Defendant's enforcement of Section 1724 will cause harm that cannot be adequately compensated in damages, Plaintiff requests that the Court issue preliminary and permanent injunctive relief enjoining Defendant from enforcing Section 1724.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.   A judgment declaring that California Insurance Code §1724 is unconstitutionally vague and overbroad in violation of the due process rights under the Fourteenth Amendment of the United States Constitution.

2.   A judgment declaring that California Insurance Code Section 1724 violates the Equal Protection Clause of the United States Constitution.

3.   A judgment declaring that California Insurance Code Section 1724 violates 42 U.S.C. §1983.

4.   A judgment declaring that Section 1724 violates the separation of powers in the California Constitution, Article III, § 3 and is therefore null and void.

5.   For a preliminary injunction and permanent injunction restraining the Defendant and his successors and agents from enforcing Section 1724.

6.   For costs of suit incurred pursuant to pursuant to 42 U.S.C. §§1988, 12205, or any applicable statute or authority.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

7.     For reasonable attorneys' fees incurred pursuant to 42 U.S.C. §§1988, 12205, or pursuant to any applicable statute or authority.

8.     For such other and further relief as the Court deems just and proper.

DATED: September____, 2012       BRIAN K. DENNIS


By: _____

Brian K. Dennis, Esq.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

14

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV12- 7823 DMG (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

I (a) PLAINTIFFS (Check box if you are representing yourself ☑)

BRIAN K. DENNIS

DEFENDANTS

DAVE JONES, IN HIS CAPACITY AS INSURANCE COMMISSIONER OF THE STATE OF CALIFORNIA

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

BRIAN K. DENNIS    310-617-8024
433 N. CAMDEN DR. #600
BEVERLY HILLS, CA 90210-4416

Attorneys (If Known)

II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. ORIGIN (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

V. REQUESTED IN COMPLAINT:  JURY DEMAND: ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☑ No    ☐ MONEY DEMANDED IN COMPLAINT: $

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
US CONSTITUTION 14TH AMENDMENT; 42 U.S.C. §1983; US CONSTITUTION ART. 3 §3
OVERLY BROAD, DUE PROCESS, EQUAL PROTECTION, SEP. OF POWERS

VII. NATURE OF SUIT (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☒ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
FORFEITURE / PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark
SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

FOR OFFICE USE ONLY:    Case Number:  CV12-07823-DMG (PJWx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): Brian K. Donnal    Date 9-12-2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                        CIVIL COVER SHEET                        Page 2 of 2